Nos. 81,756, 81,792, 82,054, 82,057, 82,058,
83,014, 83,039, 83,040, 83,041, 83,042, 83,043,
83,044, 83,045, 83,046, 83,047, 83,052, 83,053

IN THE MATTER OF THE APPLICATION OF GRAHAM-MICHAELIS
CORPORATION FOR EXEMPTION FROM AD VALOREM TAXATION
IN BARTON COUNTY, KANSAS.

Opinion filed March 3, 2000.

*Richard A. Boeckman,* of Keenan & Boeckman Law Firm, P.A., of Great Bend, for appellant Board of Barton County Commissioners.

No appearance by appellee.

*Tony R. Folsom,* for *amicus curiae* the Kansas Board of Tax Appeals.

Before RULON, P.J., MARQUARDT and KNUDSON, JJ.:

MARQUARDT, J.: The Board of County Commissioners of Barton County (County) appeals the Board of Tax Appeals' (BOTA) decision to grant tax exemptions to 16 taxpayers in Barton County beginning January 1, 1997.

After various proceedings, BOTA found the leases of Graham-Michaelis Corporation; John Jay Darrah; American Warrior, Inc.; Energy Three, Inc.; Santa Fe Pipe & Supply, Inc.; Richlan Drilling; RAMA Operating Co., Inc.; Mid-Continent Energy Corp.; Stepco, Inc.; Parrish Corp.; Globe Operating, Inc.; Eagle River Energy Corp.; Escher Corp.; L.D. Drilling, Inc.; Resource Operations, Inc.; and Younger Energy Co. satisfied the conditions enumerated in K.S.A. 79-201t(a). BOTA granted the applications for exemption from ad valorem taxation from January 1, 1997, to remain in effect so long as production does not exceed the maximum prescribed by law.

Gary Post, Barton County Appraiser, filed requests for reconsideration with BOTA. BOTA issued orders granting reconsideration for all but five of these applicants. At the hearing, the County argued that the Oil and Gas Appraisal Guide (Guide) mandates that the annual production should be measured by the amount of oil produced during the calendar year prior to the appraisal year. Post testified that the County looked at the prior year's production when considering tax exemption. Post relied on language in the Guide to justify this practice. Post testified that he wanted BOTA to clearly state how it was interpreting the law so that it could be administered in a consistent fashion.

BOTA's orders on reconsideration for all of these applicants stated that the Guide, which was relied upon by Post, only addresses valuation issues and does not provide guidance on the application of K.S.A. 79-201t(a). BOTA maintained that K.S.A. 79-213(j) required it to grant the tax exemption beginning in the year in which actual production met the statutory standards found at K.S.A. 79-201t(a). Consequently, BOTA refused to modify its original order, which granted the applicants a tax exemption beginning January 1, 1997. The County appeals.

The County claims that its appraiser must follow the policies, procedures, and guidelines issued by the Division of Property Valuation (DPV). The DPV publishes the Guide, which defines annual production as the amount of oil produced during the preceding calendar year. The County claims that BOTA's decision to grant tax exemptions beginning in 1997 is inconsistent with statutory law and the Guide. The County believes that the applicants in this case are only entitled to a tax exemption in 1998.

BOTA is a specialized agency that exists to decide taxation issues. BOTA's decisions should be given great credence and deference when it is acting in its area of expertise. However, if we find that BOTA's interpretation is erroneous as a matter of law, we should take corrective steps. *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, 515, 930 P.2d 1366 (1997). A party challenging the validity of BOTA's action has the burden of proving it was erroneous. *In re Tax Appeal of Scholastic Book Clubs, Inc.*, 260 Kan. 528, 536, 920 P.2d 947 (1996).

We may only grant relief if we find: (1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied; (2) the agency has acted beyond the jurisdiction conferred by any provision of law; or (3) the agency has erroneously interpreted or applied the law. See *Board of Ness County Commr's v. Bankoff Oil Co.*, 265 Kan. 525, 537, 960 P.2d 1279 (1998).

K.S.A. 79-201t states:

"The following described property, to the extent herein specified, shall be and is hereby exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:

(a) All oil leases, other than royalty interests therein, the average daily production from which is two barrels or less per producing well, or three barrels or less per producing well which has a completion depth of 2,000 feet or more."

This statute was amended in 1998. It now reads: "All oil leases, other than royalty interests therein, the average daily production from which is three barrels or less per producing well, or five barrels or less per producing well which has a completion depth of 2,000 feet or more." K.S.A. 1999 Supp. 79-201t(a).

In the event that BOTA grants an initial request for tax exemption, it is effective beginning with the date of first exempt use. K.S.A. 1999 Supp. 79-213(j).

The Guide states that the exemption found at 79-201t must be considered and granted by BOTA to be effective. The citation provided as authority for this statement is 79-213. The Guide also states that after the initial exemption is granted by BOTA, the exemption remains in effect for as long as the lease qualifies for the exemption, the status of which is reviewed annually by the county appraiser.

The Guide clearly defers tax exemption decisions to BOTA. Moreover, the Guide provides a reference to 79-213, which is the statute relied upon by BOTA to justify its decision to grant the exemptions starting January 1, 1997. The Guide does not provide further instruction on the issuance of tax exemptions. The Guide appears to be primarily a tool for valuation of an oil or gas lease.

We do not find that BOTA erred by granting the applicants' requests for tax exemption beginning January 1, 1997. All of the applicants met the requirements found at 79-201t(a). The requirements are met under the older version of the statute, as well as the amendment in 1998. K.S.A. 1999 Supp. 79-213(j) clearly states that the exemption shall be effective beginning with the date of the first exempt use of the property.

More importantly, there is nothing in the Guide which would contradict BOTA's interpretation of these statutes. The County argues that BOTA is deviating from the Guide in making this decision. However, the Guide clearly defers matters of tax exemption to BOTA. There is nothing in the Guide which would contradict BOTA on this matter. In fact, the Guide's reference to 79-213 seems to support BOTA's decision.

BOTA correctly interpreted and applied the laws of the State of Kansas. We are not persuaded by the County's arguments to the contrary.

Affirmed.